[Cite as *State v. Billiter*, 2018-Ohio-733.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                 :          Case No. 15CA3720

v.                                          :

                                        :          <u>DECISION AND</u>
JAROD E. BILLITER,                          :          <u>JUDGMENT ENTRY</u>

    Defendant-Appellant.                :          RELEASED 02/27/2018

<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Hoover, P.J.

{¶ 1} Defendant-appellant, Jarod Billiter ("Billiter"), appeals the judgment of the Scioto County Court of Common Pleas convicting him of multiple trafficking offenses and sentencing him to 54 months in prison. On appeal, Billiter contends that the trial court erred in (1) accepting pleas that were unknowingly, unintelligently, and involuntarily made, and (2) failing to make the necessary consecutive-sentence findings.

{¶ 2} For the following reasons, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 3} On February 19, 2015, Billiter was indicted on two counts of trafficking in heroin in an amount less than 1 gram in violation of R.C. 2925.03(A)(1), 2925.03(C)(6)(a), and 2925.03(C)(6)(b), felonies of the fourth degree; one count of aggravated trafficking in fentanyl in

an amount less than the bulk amount in violation of R.C. 2925.03(A)(1) and 2925.03(C)(1)(a), a felony of the fourth degree; one count of aggravated trafficking in fentanyl in an amount less than the bulk amount in the vicinity of a juvenile, in violation of R.C. 2925.03(A)(1), 2925.03(C)(1)(a), a felony of the third degree; one count of possession of heroin in an amount less than one gram, in violation of R.C. 2925.11(A) and 2925.11(C)(6)(a), a felony of the fifth degree; two counts of aggravated possession of fentanyl in an amount less than the bulk amount, in violation of R.C. 2925.11(A) and 2925.11(C)(1)(a), felonies of the fifth degree; one count of possession of heroin in an amount less than five grams in violation of R.C. 2925.11(A) and 2925.11(C)(6)(b), a felony of the fourth degree; and one count of endangering children in violation of R.C. 2919.22(A) and 2929.22(E)(2)(a), a misdemeanor of the first degree. He pleaded not guilty.

{¶ 4} On September 17, 2015, a change-of-plea hearing was held. The trial court indicated that a negotiated plea agreement had been reached and summarized that agreement as follows:

> It's the Court's understanding he's going to change his plea to Counts 1 and 3
> Trafficking in Heroin, both felonies of the fourth degree, in violation of
> 2925.03(A)(1) and 2925.03(C)(6)(A), Count 2 Aggravated Trafficking, a felony
> of the fourth degree, in violation of 2925.03(A)(1) and 2925.03(C)(1)(A), and
> Count 4 Aggravated Trafficking, a felony of the third degree, in violation of
> 2925.03(A)(1), 2925.03(C)(1)(A) and 2925.03(C)(1)(B).
>
> The record should further reflect its a negotiated plea, pursuant to Section
> 2953.08(D), and Criminal Rule 11F, that *as long as he abides by his conditions of*

*bond* he will receive an aggregate three year prison term with eligibility for judicial release at two years as long as he has no disciplinary conduct marks while he's in prison and participates in every single program they offer him. I'll grant him a conditional release for thirty days beginning - - as soon as he gets hooked up with his * * * bracelet for electronically monitored house arrest, leaving the sentencing for October 16th, 2015 at 11:30.

If he messes this up in any way I'm going to max him on every case, which means you get three, four and a half, five, six, seven and a half years. I'm doing this so he can be there to witness the birth of his baby.

(Emphasis added.)

{¶ 5} Billiter subsequently entered a plea of guilty to two counts of trafficking in heroin in violation of R.C. 2925.03(A)(1) and 2925.03(C)(6)(a), felonies of the fourth degree, one count of aggravated trafficking in violation of R.C. 2925.03(A)(1), 2925.03(C)(1)(a), and 2925.03(C)(1)(b), a felony of the third degree, and one count of aggravated trafficking in violation of R.C. 2925.03(A)(1) and 2925.03(C)(1)(a), a felony of the fourth degree.

{¶ 6} On October 16, 2015, Billiter appeared for his sentencing hearing, and tested positive for heroin and suboxone. At the beginning of the hearing, the trial court explained that Billiter had already entered into a negotiated plea in which he would "get three years and be judicially released at two years." However, the trial court continued with the following:

* * * I let him out and he's tested positive for heroin and suboxone today.

Now we'll renegotiate the plea, Mr. Edwards, that the total plea will be four years and six months, with eligibility for judicial release to [start] at three years as long as he has no disciplinary conduct marks against him while he's in prison and participates in every single program they offer him. If he has disciplinary conduct marks and fails—or fails to participate in any one program then he will serve the entire prison term.

{¶ 7} The trial court inquired of Billiter's trial counsel, the prosecutor, and Billiter as to whether this was their understanding of the renegotiated agreement. All answered affirmatively.

{¶ 8} The trial court then sentenced Billiter to a total of 54 months in prison. His convictions and sentence were journalized by way of entry dated October 20, 2015. All remaining counts of the indictment were dismissed. The sentencing entry refers to Billiter's sentence as an "agreed sentence."

{¶ 9} Billiter appealed, but his counsel advised us that he had reviewed the record and could discern no meritorious claim for appeal. Counsel moved for leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In January 2017, we granted the motion to withdraw but having found one potentially arguable issue for appeal, we assigned present counsel to brief the potentially arguable issue as well as any other issues found in the record.[1]

{¶ 10} Billiter's brief is now before the Court.

## II. Assignments of Error

{¶ 11} Billiter assigns the following errors for our review:

Assignment of Error No. I:

---

[1] This Court has announced that we no longer accept *Anders* motions and briefs. *State v. Wilson*, 2017-Ohio-5772, 83 N.E.3d. 942, ¶¶ 1, 36 (4th Dist.). However, in the present case we appointed new counsel to re-brief the case in January 2017, well before we decided *Wilson*.

BILLITER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA.

Assignment of Error No. II:

THE TRIAL COURT ERRED IN SENTENCING BILLITER TO CONSECUTIVE SENTENCES.

### III. Law and Analysis

### A. Billiter's Guilty Plea was Made Knowingly, Intelligently, and Voluntarily

{¶ 12} In his first assignment of error, Billiter contends that he was deprived of his right to due process when the trial court accepted pleas that were unknowingly, unintelligently, and involuntarily made. Billiter argues that his guilty plea was unknowing, unintelligent, and involuntary because the (1) trial court breached the original plea agreement by imposing a greater sentence on Billiter even though Billiter tested positive for heroin; (2) trial counsel was ineffective for failing to request that the original plea agreement be enforced or that he be permitted to withdraw his guilty plea; and (3) the trial court committed plain error by finding Billiter in violation of his recognizance bond, and in turn in violation of the original plea agreement.

{¶ 13} The State argues that Billiter's sentence is an agreed sentence and is therefore not reviewable pursuant to R.C. 2953.08(D)(1) which states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 14} The record is clear that Billiter, his counsel, and the prosecutor all agreed that Billiter would serve four years and six months in prison with eligibility for judicial release after serving three years. This sentence was also imposed by the sentencing judge. But, because Billiter argues that his guilty plea was made unknowingly, unintelligently, and involuntarily, we may review the validity of the plea leading to the agreed sentence. *See State v. Gavin*, 4th Dist. Scioto No. 14CA3672, 2015-Ohio-2549, ¶ 10, and *State v. Royles*, 1st Dist. Hamilton Nos. C060875-76, 2007-Ohio-5348, ¶ 10.

### 1. Standard of Review

{¶ 15} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In determining whether a guilty or no contest plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards. *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

### 2. Billiter's Guilty Plea was Made in Compliance with Crim.R. 11(C)

{¶ 16} None of the three arguments propounded by Billiter with respect to his plea being defective refers to whether the plea was made in compliance with Crim.R. 11. " 'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.' " *Thomas v. Harmon,* 4th Dist. Lawrence No. 08CA17, 2009–Ohio–3299, ¶ 14, quoting *State v. Carman,*

8th Dist. Cuyahoga No. 90512, 2008–Ohio–4368, ¶ 31. Moreover, it is not our function to construct the appellant's arguments for him. "We may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.,* 4th Dist. Gallia No. 07CA4, 2008–Ohio2194, ¶ 12; *see also* App.R. 16(A)(7), App.R. 12(A)(2), and *Albright v. Albright,* 4th Dist. Lawrence No. 06CA35, 2007–Ohio–3709, ¶ 16. However, in the interests of justice, we will examine whether Billiter's plea was in compliance with Crim.R. 11(C).

{¶ 17} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case, a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must both inform and determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶ 18} In the case sub judice, Billiter had a change of plea hearing on September 17, 2015. At the beginning of the hearing, the trial court recited the charges and the degrees of the charges to which Billiter was entering the guilty plea:

THE COURT: * * * It's the Courts [sic] understanding he's going to change his plea to Counts 1 and 3 Trafficking in Heroin, both felonies of the fourth degree, in violation of 2925.03(A)(1) and 2925.03(C)(6)(A), Count 2 Aggravated Trafficking, a felony of the fourth degree, in violation of 2925.03(A)(1) and 2925.03(C)(1)(A), and Count 4 Aggravated Trafficking, a felony of the third degree, in violation of 2925.03 (A)(1), 2925.03(C)(1)(A), and 2925.03(C)(1)(B).

{¶ 19} The trial court also explained the maximum prison terms of the felony of the third degree as being 36 months with a maximum fine of $10,000.00 and of the felonies of the fourth degree as being 18 months with maximum fines of $5,000.00. The trial court addressed Billiter personally and asked him if he was advised by his lawyer and the court of the charges against him and the penalties provided by law; and Billiter responded, "Yes." The trial court also inquired of Billiter if he understood "all this" to which Billiter answered, "Yes." The trial court asked Billiter whether anyone had made any "additional promises, threats, or inducements" in order to get him to change his plea to guilty. Billiter answered, "No." In light of Billiter's answers, we find that the trial court complied with Crim.R. 11(C)(2)(a).

{¶ 20} Furthermore, the trial court personally asked Billiter whether he was aware that he was waiving his rights to: (1) a jury trial; (2) confrontation of witnesses against him; (3) compulsory process for obtaining witnesses in his favor; and (4) require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself or herself. The trial court complied with Crim.R. 11(C)(2)(c).

{¶ 21} The trial court informed Billiter of his constitutional and nonconstitutional rights he was waiving and determined that he understood the effect of his plea of guilty. The trial court explained to Billiter that he would accept his guilty plea; but that Billiter would be sentenced on a later date in order to allow Billiter to witness the birth of his baby. The trial court told Billiter that if he "messe[d] this up in any way I'm going to max him on every case* * *." We find that the trial court also complied with Crim.R. 11(C)(2)(b).

{¶ 22} On October 16, 2015, when Billiter returned to the trial court for his sentencing hearing, he tested positive for heroin and suboxone. Although the trial court had warned Billiter that he would be "maxed" on every case if he "messed up," the trial court apparently agreed to impose a different sentence. Instead of imposing three years with possibility of judicial release after two years, Billiter would be sentenced to four years and six months with eligibility for judicial release after three years.

{¶ 23} Even after the trial court informed Billiter of the increased sentence, Billiter did not make a motion to withdraw his guilty plea. Instead, when Billiter was asked if the increased sentence was his understanding, he responded, "Yes." Billiter was given his right of allocution.

DEFENSE COUNSEL: We'd just ask that the amended plea agreement be

entered into in light of the positive drug test.

THE COURT: Okay. This—do you have anything you'd like to say, Mr.

Billiter?

BILLITER: I apologize for messing up on the judicial—on the release.

THE COURT: I—I said it was not a good idea to let you out, but you wanted to

be with your kids.

BILLITER: I did and I was with my kids.

THE COURT: Now you said you wanted to be with your kids and you're

positive for heroin and suboxone, so how bad did you want to be with your kids?

DEFENDANT: Very badly.

THE COURT: Then why'd you do it?

DEFENDANT: I apologize.

{¶ 24} Consequently, we find that the trial court complied with Crim. R.11(C) during the initial plea colloquy in September 2015. Even though the sentence was increased from that of the original plea bargain, both parties agreed to the increased sentence. After examining the totality of the circumstances, we determine that the trial court complied with the constitutional and procedural safeguards and that Billiter's plea was entered knowingly, intelligently, and voluntarily.

### 3. Billiter's Specific Arguments Fail

{¶ 25} Within Billiter's first assignment of error that his plea was made unknowingly, unintelligently, and involuntarily, he makes three specific arguments that have no merit.

{¶ 26} First, Billiter claims that he did not violate any terms of the original plea agreement and that he should have received the sentence promised in the original plea agreement or be permitted to withdraw his guilty plea. Billiter argues that he abided by all conditions of bond. He contends that "abstinence from the use of controlled substances during his release was not a term of the agreement." However, the "Appointment of Counsel Arraignment and Bond Entry" includes the following: "As a condition of said bond, defendant is ordered not to ingest any illegal or non-prescribed drugs. Defendant is also subject to random drug tests at any future court proceedings." Furthermore, the "Conditions of Bond" states in pertinent part: "As a condition of your bond you must abide by the following rules: * * * 2. Refrain from using any

illegal drugs or any prescription drugs, which are not subscribed to you * * *." (Emphasis sic.) Billiter signed the "Conditions of Bond" document. The record fails to demonstrate that Billiter had been released from the bond prior to testing positive for heroin and suboxone. It was Billiter who breached the original plea agreement by testing positive for heroin and suboxone.

{¶ 27} Regardless of the fact that Billiter breached the plea agreement, Billiter is in essence appealing his sentence, which he cannot do pursuant to R.C. 2953.08(D)(1). His sentence is not reviewable because it was an agreed sentence. *See* discussion *infra* at ¶¶ 13-14.

{¶ 28} Next, Billiter argues that he received ineffective assistance of counsel when trial counsel failed to object to the trial court's voiding of the original plea agreement and renegotiation of the plea agreement. However, it was Billiter who breached the original plea agreement by testing positive for heroin and suboxone. We find no error in the trial court's refusal to honor the original plea agreement. Consequently, we find that trial counsel was not deficient for failing to make the argument that Billiter's drug use did not violate the original plea agreement. *See State v. Crooms*, 7th Dist. Columbiana Nos. 11 CO 17, 12 CO 9, 2014-Ohio-2928, ¶ 40 (concluding that trial counsel was not deficient for omitting an argument that has no basis in law). In addition, Billiter's sentence is not reviewable for reasons previously stated.

{¶ 29} Lastly, Billiter asks this Court to find plain error in the trial court's voiding of the original plea agreement. Appellate courts take notice of plain error with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78; *State v. Patterson,* 4th Dist. Washington No. 05CA16, 2006-Ohio-1902, ¶ 14. Plain error should only be noticed if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See State v. Bundy,* 2012-Ohio-3934, 974 N.E.2d 139, ¶ 66 (4th Dist.). No plain error exists here.

Billiter breached the original plea agreement by testing positive for heroin and suboxone.

"Comme on faict son lict, on le treuve[2]."

{¶ 30} Having found Billiter's first assignment of error along with his specific arguments

to be without merit, we overrule the first assignment of error.

### B. Billiter's Agreed Sentence is Not Reviewable

{¶ 31} In his second assignment of error, Billiter contends that the trial court erred in

failing to make consecutive-sentence findings at his sentencing hearing. Specifically, Billiter

argues that his sentence was not an agreed sentence pursuant to R.C. 2953.08(D)(1); and

therefore, the trial court was required to make consecutive-sentence findings pursuant to R.C.

2929.14(C)(4). We disagree.

{¶ 32} As discussed *supra*, R.C. 2953.08(D)(1) provides: "A sentence imposed upon a

defendant is not subject to review under this section if the sentence is authorized by law, has

been recommended jointly by the defendant and the prosecution in the case, and is imposed by a

sentencing judge."  "In other words, a sentence that is 'contrary to law' is appealable by a

defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the

state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is

authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant

may not appeal the sentence." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922

N.E.2d 923, ¶ 16. "[A] sentence is 'authorized by law' and is not appealable within the meaning

of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Id*. at ¶ 20.

---

[2] Fred R. Shapiro, Joseph Epstein, *The Yale Book of Quotations* (2006), page 616, 184. Available at https://books.google.com/books?isbn=0300107986 (accessed December 18, 2017). As you must make your bed, so you must lie on it. Gabriel Harvey, *Marginalia* (ca. 1590) Harvey's wording is "let them…go to there bed, as themselves shall make it." The *Oxford Dictionary of Proverbs* notes the late fifteenth-century French *comme on faict son lict, on le treuve* (as one makes one's bed, so one finds it).

{¶ 33} Generally, a trial court must make certain findings prior to imposing consecutive sentences. R.C. 2929.14(C)(4). The trial court is required to make those findings at the sentencing hearing and to incorporate its findings into the sentencing entry; but it has no obligation to state reasons to support its findings. *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus.

{¶ 34} However, "an agreed sentence that involves a *discretionary* decision to impose consecutive sentences * * * is 'authorized by law' and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings." (Emphasis sic.) *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 29. In other words, "[i]f a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *Id. at ¶ 30.*

{¶ 35} Here, the record indicates that Billiter's sentence was an agreed sentence, pursuant to R.C. 2953.08(D)(1).  At the plea hearing, the trial court indicated that Billiter's plea was a "negotiated plea pursuant to Section 2953.08(D)." Although the original agreed sentence was later "renegotiated" by the parties at sentencing, it was done so with Billiter's express consent. Both Billiter's trial counsel and Billiter personally advised the court that they agreed with the increased sentence. Finally, the sentencing entry states that Billiter's sentence was an agreed sentence, pursuant to R.C. 2953.08(D). *State v. Littlefield*, 4th Dist. Washington No. 02CA19, 2003-Ohio-863, ¶ 11 ("It is well settled that a court speaks through its journal entries.").

{¶ 36} Because Billiter's sentence was an agreed sentence that included nonmandatory consecutive sentences, it is "authorized by law" and is not appealable, even if the trial court

failed to make the consecutive-sentence findings. *Sergent* at ¶ 29. *See generally* R.C. 2925.03 and 2929.13.

{¶ 37} Accordingly, we overrule Billiter's second assignment of error.

## IV. Conclusion

{¶ 38} Having overruled both of Billiter's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J: Concurs in Judgment and Opinion.
Harsha, J.:     Concurs in Judgment and Opinion as to Assignment of Error II and Concurs in Judgment Only as to Assignment of Error I.

For the Court

By: _____
Marie Hoover, Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**