[Cite as *Mosser v. Mosser*, 2020-Ohio-5122.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| SHANE MOSSER, | : | |
| | : | Case No. 19CA18 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| JENNIFER MOSSER | : | |
| | : | |
| Defendant-Appellant. | : | |

_____
<u>APPEARANCES:</u>

Jennifer Mosser, Appellant Pro Se.
_____

Smith P.J.

{¶1} This is an appeal from a Washington County Court of Common Pleas judgment entry that designated Appellee, Shane Mosser, residential parent and legal custodian of his minor daughter, H.M. On appeal, Appellant, Jennifer Mosser, raises seven assignments of error for our review. However, after reviewing the facts and applicable law, we find no merit to any of Appellant's assignments of error and we affirm the judgment of the trial court. [1]

---

[1] Appellee has not filed a brief or otherwise participated in this appeal.

FACTS

{¶2} The parties herein were married on September 30, 2006, and had one child, H.M, who was born on June 24, 2008.  On November 5, 2015, Appellee filed for divorce.  The court issued a final divorce entry and shared parenting decree on December 29, 2016.

{¶3} On August 31, 2018, Appellee filed a motion for reallocation of parental rights seeking sole custody of H.M., as well as a motion for emergency custody due to Appellant's "bazar" behavior.  In an affidavit filed in support of the motion for emergency custody, Appellee averred that Appellant had accused her boyfriend of killing his former wife and that she had stated he was going to kill her also.  The affidavit also described records obtained from Nationwide Children's Hospital indicating Appellant had taken H.M. there to be treated for a vaginal discharge.  The records stated Appellant was incoherent at times, was unable to stay on track, and that she appeared "to be hyper-manic."  The affidavit also described problems Appellant had caused on H.M.'s softball team's social media page, as well as the fact that Appellant had been banned from the softball fields due to her concerning behavior.  On September 18, 2018, the Magistrate issued a temporary order designating Appellee the temporary residential parent and

legal custodian of H.M.  The order granted Appellant supervised visitation only.

{¶4} Subsequently, on November 2, 2018, Appellee filed an emergency motion to terminate unsupervised visitation alleging Appellant had recently missed a scheduled visit due to being incarcerated on a parole violation and a theft charge.[2]  The motion further alleged that on the next scheduled visit, Appellant refused to return H.M. at the designated time and instead took the child out of the State of Ohio.  The motion also alleged that upon finally returning H.M., Appellant threatened to kill herself in front of the child.  On November 2, 2018, the Magistrate issued an order terminating unsupervised visitation between Appellant and H.M. and once again ordering supervised visitation consistent with the prior temporary order issued on September 18, 2018.  Thereafter, on November 8, 2018, the Magistrate sua sponte appointed a guardian ad litem (hereinafter "GAL") to H.M.

{¶5} On June 13, 2019, the GAL submitted her report to the court, which, in pertinent part, recommended that Appellee be designated H.M.'s residential parent and legal custodian and that Appellant continue with supervised visitation.  On June 20, 2019, the trial court held a hearing on

---

[2] Although the temporary order granted only supervised visitation to Appellant, it appears that at some point Appellant began having unsupervised visitation with H.M.  However, we have been unable to locate an order granting unsupervised visitation.

Appellee's "Motion To Modify Custody."  Appellee was represented by counsel.  Appellant represented herself.  Appellee's counsel informed the court that the parties had reached an agreement.  Counsel represented that the agreement incorporated the GAL's report from the "second half of page 14 and at the very beginning of page 15," which provided that Appellee be designated H.M.'s residential parent and legal custodian and that Appellant continue to have supervised visitation.  While on the record, the Magistrate asked Appellant if she had in fact reached an agreement and was asking the court to adopt that agreement as the court's order and she verified that she had, and she was.

{¶6} Subsequent to the hearing, the Magistrate issued a decision indicating that the parties had reached an agreement that Appellee was to be named the residential parent and legal guardian of H.M. and Appellant would continue to have supervised visitation.  Appellant filed no objections to the decision.  On August 22, 2019, the trial court issued an agreed judgment entry that adopted the Magistrate's decision.  It is from this judgment that Appellant now appeals, setting forth seven assignments of error for our review.  The assignments of error are set forth verbatim below.

ASSIGNMENTS OF ERROR[3]

I.      "TRIAL COURT ERRED WHEN GRANTING IMMEDIATE TERMINATION OF THE EXISTING CUSTODY ORDER. PURSUANT TO OHIO RULE 75 (N) TEMPORARY ORDER TO CONDUCT ORAL HEARING WITHIN 28 DAYS DID NOT TAKE PLACE."

II.     "TRIAL COURT ERRED WHEN MODIFYING AND REALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES.  R.C. 3109.04(C)(f)(1)(h) ADJUDICIATION NEGLECT CONSIDER FACT OR ABUSE ACT TO BE THE PERPETRATOR OF CHILD ABUSE."

III.    "TRIAL COURT ERRED GRANTING EMERGENCY CUSTODY. TEMPORARY ORDERWAS TO BE SIGNED BY THE JUDGE PURSUANT TO RULE 53(c)."

IV.     "TRIAL COURT ERRED TO CONDUCT DEPOSITIONARY HEARING, RULE 75(K) WITHIN 28 DAYS AND DID NOT TAKE PLACE."

V.      "TRIAL COURT UNNECESSARY DELAY OF PROCESS."

VI.     "GUARDIAN AD LITEM ERRED AND THE REPORT SHOULD BE STRICKEN, DUTIES TO BE PERFORMED PURSUANT TO S. CT. RULE 48."

VII.    "VIOLATION OF DUE PROCESS OF LAW, NO JURISDICTION OF SUBJECT MATTER."

STANDARD OF REVIEW

{¶7} "Appellate courts generally review 'the propriety of a trial court's

determination in a domestic relations case' under the 'abuse of discretion'

---

[3] It appears from the record that Appellant filed two different appellate briefs one minute apart on September 26, 2019.  The assignments of error are worded differently in each brief.  We address the assignments of error contained in the earlier-filed brief rather than the later-filed brief, which was filed without leave of court and should have been stricken from the record.

standard." *Clifford v. Skaggs*, 4th Dist. Gallia No. 17CA6, 2017-Ohio-8597, ¶ 9, quoting *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989) (abuse of discretion standard applies to child support, custody, visitation, spousal support, and division of marital property). Under this highly deferential standard, we must affirm the decision of the trial court unless it is unreasonable, arbitrary, or unconscionable. *See State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶8} However, Appellant failed to object to the temporary orders, the GAL report, or the Magistrate's decision. Under Civ.R. 53(D)(3)(b)(i), a party must file objections within 14 days of the filing of the magistrate's decision. Thus, a "party forfeits or waives the right to challenge the trial court's adoption of a factual finding or legal conclusion unless the party objects in accordance with Civ.R. 53(D)(3)(b)." *See Faulks v. Flynn*, 4th Dist. Scioto No. 13CA3568, 2014-Ohio-1610, ¶ 17; Civ.R. 53(D)(3)(b)(iv). Any objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Further, objections to findings of fact must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "Except for a claim of

plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). " 'In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.' " *Liming v. Damos*, 4th Dist. Athens No. 08CA34, 2009-Ohio-6490, ¶ 14, quoting *Barnett v. Barnett*, 4th Dist. Highland No. 04CA13, 2008-Ohio-3415, ¶ 16.

{¶9} For the plain error doctrine to apply, the party claiming error must establish (1) that " 'an error, i.e., a deviation from a legal rule' " occurred; (2) that the error was " 'an "obvious" defect in the trial proceedings[;]' " and (3) that this obvious error affected substantial rights, i.e., the error " 'must have affected the outcome of the trial.' " *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse

affect on the character and public confidence in judicial proceedings."). For an error to be "plain" or "obvious," the error must be plain "under current law," and it must be plain "at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *accord Barnes* at 27; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 14.

{¶10} The plain error doctrine is not, however, readily invoked in civil cases. Instead, an appellate court "must proceed with the utmost caution" when applying the plain error doctrine in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The Ohio Supreme Court has set a "very high standard" for invoking the plain error doctrine in a civil case. *Perez v. Falls Financial, Inc.*, 87 Ohio St.3d 371, 721 N.E.2d 47 (2000). Furthermore, this Court recently noted as follows regarding the application of the plain error doctrine to domestic relations cases:

> "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus (1997). Because parental rights determinations are difficult to make and appellate courts accord wide latitude to the trial court's consideration of evidence in these cases,

"[p]lain error is particularly difficult to establish." *Robinette v.*
*Bryant,* 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889,
¶ 28.

*Sarchione-Tookey v. Tookey*, 4th Dist. Athens No. 17CA41, 2018-Ohio-

2716, ¶ 36.

{¶11} Moreover, we note that none of Appellant's arguments on

appeal set forth how she was prejudiced by the alleged errors of the trial

court and importantly, this matter was resolved through an agreed judgment

entry that was filed after Appellant stated, in open court and on the record,

that she was in agreement with Appellee being named the residential parent

and her being granted only supervised visitation. Finally, we note that all of

Appellant's pro se "arguments" are at most a couple of sentences in length

and make conclusory assertions with little or no record support and no

citation to case law. Thus, although we will attempt to ascertain any

reasonable legal argument she poses, "it is not our function to construct the

Appellant's arguments for [her]." *State v. Billiter*, 4th Dist. Scioto No.

15CA3720, 2018-Ohio-733, 106 N.E.3d 785, ¶ 16.

ASSIGNMENT OF ERROR I

{¶12} In her first assignment of error, Appellant appears to assert that

the trial court erred when initially granting an immediate termination of the

parties' existing custody order without holding a hearing within 28 days

pursuant to Civ.R. 75(N). Appellant sets forth the following issue presented for review: "R.C. 3109.46 states Juvenile Court has exclusive jurisdiction." Appellant's "argument" portion under this assignment of error states as follows, in its entirety: "Emergency custody order was not compliant to 3109.46 that grants immediate termination of an existing custody order upon receipt also advises Juvenile Court has jurisdiction."

{¶13} As set forth above, because Appellant raised no objection below, she has waived all but plain error. We further note that Appellant does not specifically raise a plain error argument on appeal. Regardless, in the interests of justice and to the extent we are able to discern Appellant's pro se arguments, we will conduct a plain error review of the error now raised.

{¶14} Civ. R. 75(N) addresses temporary orders of spousal support, child support, and custody, and provides in subsection (2) that a party may file a motion seeking a hearing on any of those issues if the party is not satisfied with a temporary order. *See Goodfleisch v. Goodfleisch*, 4th Dist. Pickaway No. 02CA9, 2003-Ohio-1082, ¶ 34. Civ.R. 75 (N) specifically provides as follows:

> *Upon request*, *in writing*, after any temporary * * * order allocating parental rights and responsibilities for the care of children is journalized, the court shall grant the party so

requesting an oral hearing within twenty-eight days to modify the temporary order. (Emphasis added.)

There is nothing in the record presently before us that indicates Appellant made a request in writing pursuant to Civ.R. 75(N) for the trial court to hold a hearing to address the temporary order terminating shared parenting. Because Appellant failed to avail herself of the procedure provided by the Civil Rules to be heard regarding her dissatisfaction with the trial court's temporary order, she cannot demonstrate any error, let alone plain error, on the part of the trial court in failing to hold a hearing within 28 days after issuance of the temporary order.

{¶15} Further, we reject Appellant's argument that the juvenile court had exclusive jurisdiction of this matter, pursuant to R.C. 3109.46. R.C. 3109.46 governs the termination of custody orders upon receipt of notice of a conviction and provides that a Juvenile Court receiving a notice pursuant to 3109.44 retains or acquires jurisdiction over a custody order and shall terminate that order. However, the notice discussed in R.C. 3109.44 is required only if the parent who has custody of the child killed the other parent. Obviously, that is not the case here so R.C. 3109.46 does not apply. Further, Appellant makes no discernable argument as to why she believes this statute applies to the case sub judice.

{¶16} Moreover, the domestic relations court possessed continuing jurisdiction over these parties regarding the reallocation of parental rights and responsibilities as the parties' previous divorce was granted by the domestic relations court and the previous shared parenting plan was issued by the domestic relations court. More specifically, R.C. 3127.16 provides for the exclusive continuing jurisdiction of domestic relations courts and provides as follows:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state that has made a child custody determination consistent with section 3127.15 or 3127.17 of the Revised Code has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Here, the initial child custody determination that was made in conjunction with the prior divorce decree was made consistent with R.C. 3127.15, which governs a court's jurisdiction to make initial custody determinations. Furthermore, R.C. 3127.18 has no applicability here. Thus, the domestic relations court possessed initial, as well as continuing, jurisdiction to make custody determinations regarding H.M. Accordingly, having found no merit to the arguments raised under Appellant's first assignment of error, is overruled.

ASSIGNMENT OF ERROR II

{¶17} In her second assignment of error, Appellant appears to allege that the trial court "erred" in its reallocation of parental rights and responsibilities and appears to argue the court failed to take into consideration R.C. 3109.04(F)(1)(h), which concerns evidence of abuse and neglect of the child by either parent or a member of the parent's household. Appellant claims that the issue presented for review under this assignment of error is as follows: "R.C. 3109 for common pleas to modify a shared parenting decree when parents disagree." Appellant's "argument" portion under this assignment of error states as follows, in its entirety: "Pursuant to modify or reallocate parental rights of existing shared parenting decree require written findings of fact when parent's don't agree, not to grant emergency removal of parental rights and responsibilities upon motion to modify."

{¶18} Normally, decisions concerning child-custody matters will not be reversed absent an abuse of discretion. *Babcock v. Welcome,* 4th Dist. Ross No. 11CA3273, 2012-Ohio-5284, ¶ 7. However, as explained above, because Appellant failed to object to the Magistrate's decision and made no objection to the admission of the GAL's report, we will address her argument under a plain error standard of review.

{¶19} R.C. 3109.04 governs courts awarding parental rights and responsibilities, shared parenting, modifications, the best interest of the child, and the child's wishes.  R.C. 3109.04(F)(1) contains a list of ten factors courts must consider when determining the best interest of a child.  R.C. 3109.04(F)(1) provides, in pertinent part, as follows:

> (F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
> * * *
> (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child[.]

Importantly, "unsubstantiated allegations of sexual abuse are a change of circumstances and may be grounds on which to modify a prior custody award." *Beekman v. Beekman*, 96 Ohio App.3d 783, 789, 645 N.E.2d 1332 (4th Dist. 1994).

{¶20} Appellant seems to suggest on appeal that Appellee sexually abused H.M. and that the trial court failed to take that allegation into consideration. However, after a review of the record, we can find no clear allegation of sexual abuse made against Appellee. Although Appellee states in some of the affidavits filed in support of his pleadings that Appellant had taken H.M. to the hospital for a vaginal discharge that she believed was caused by a sexually transmitted disease, it is unclear who Appellant was accusing. The medical records themselves state that Appellant only referred to "they" or "them" and did not accuse a specific individual. Furthermore, the GAL reviewed the medical records and spoke with both a nurse and a doctor involved in H.M.'s care and ultimately stated in her report that she did not believe H.M. had been sexually abused or that she had suffered from a sexually transmitted disease. Further, there is no evidence in the record demonstrating Appellee has been convicted or pleaded guilty to any abuse or neglect of H.M.

{¶21} Additionally, with regard to Appellant's assertion that written findings of fact were required, we note that the record does not contain a written request by Appellant requesting findings of facts and conclusions of law pursuant to Civil Rule 52. In the absence of findings of fact and conclusions of law, we generally must presume that the trial court applied the law correctly and must affirm if some evidence in the record supports its judgment. *In re S.S.*, 4th Dist. Jackson Nos. 16CA7, 16CA8, 2017-Ohio-2938, ¶ 131, citing *Bugg v. Fancher*, 4th Dist. Highland No. 06CA12, 2007-Ohio-2019, ¶ 10, citing *Allstate Fin. Corp. v. Westfield Serv. Mgt. Co.*, 62 Ohio App.3d 657, 577 N.E.2d 383 (12th Dist.1989); *accord Yocum v. Means*, 2nd Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 7 ("The lack of findings obviously circumscribes our review * * *.") Moreover, as set forth above, the lack of express findings of fact and conclusions of law was likely due to the fact that the court was proceeding upon an agreement by the parties. Thus, although the trial court did not make an express finding regarding the presence of abuse or neglect, we presume the trial court properly considered that factor in determining the best interest of H.M.

{¶22} Accordingly, having found that the trial court committed no plain error regarding its handling of the abuse allegation, we overrule Appellant's second assignment of error.

## ASSIGNMENT OF ERROR III

{¶23} In her third assignment of error, Appellant appears to assert that the court erred in issuing the emergency order granting custody to Appellee through the Magistrate without the Judge's signature pursuant to Rule 53(C). Appellant claims that the issue presented for review under this assignment of error is as follows: "R.C. 2151.419 Emergency custody order requires a statement of reason and grounds for motion. Rule 75(I)(1) promotes to not provide an exclusion." Appellant's "argument" portion under this assignment of error states as follows, in its entirety: "pursuant to 2151.419, an emergency custody order is to followed by providing a statement of reason, copy of motion and grounds for motion granted be provided to appellant to deny."

{¶24} A Magistrate's decision must be adopted by a judge to become a final order. *See* Civ.R. 53(D)(4)(a). However, "a magistrate may enter orders *without judicial approval* if necessary to regulate the proceedings *and if not dispositive* of a claim or defense of a party." (Emphasis added.) Civ. R. 53 (D)(2)(a)(i); *see also State ex rel. Stanley v. Lawson*, 11th Dist. Lake No. 2009-L-100, 2010-Ohio-320, ¶ 18 ("[C]ourts of this state have held that [Civ.R. 53(D)(2)(a)(i)] gives a magistrate the ability to make temporary decisions pertaining to the rights of the subject parties."). The Magistrate's

emergency order in this case granted Appellee only temporary custody, until the court subsequently held a hearing and issued a final decision.

{¶25} Appellant also seems to argue that R.C. 2151.419 applies to this matter and was not complied with. However, Chapter 2151 of the Ohio Revised Code governs Juvenile Courts. We have already determined that the domestic relations court had continuing jurisdiction of this matter, not the juvenile court. Further, R.C. 2151.419 addresses "Hearings on efforts of agencies to prevent removal of children from homes." There was no agency effort to remove H.M. from Appellant's home. Rather, this matter began with the civil filing of a motion for emergency custody by H.M.'s father. Thus, Appellant has failed to demonstrate that R.C. 2151.419 applies to this matter. Accordingly, having found no plain error with respect to the Magistrate's issuance of the temporary order, we overrule Appellant's third assignment of error.

## ASSIGNMENT OF ERROR IV

{¶26} In her fourth assignment of error, Appellant asserts as follows: "Trial court erred to conduct depositionary hearing, rule 75(K) within 28 days and did not take place." Appellant claims that the issue presented for review is as follows: "Juv Rule 34 requires depositionary hearing to be

heard, right to counsel." Appellant's "argument" portion under this assignment of error states as follows, in its entirety:

> "Juv. Rule 34, requires disposition hearing to be conducted within 72 hours, case plan be provided by Public Children Service R.C. 5153.16, rules of evidence applied to testimony review. Juv. Rule 4 provide right to counsel, Juv Rule 13, 14 be compliant for custody order."

We construe her assignment of error to assert that the trial court erred in failing to conduct a dispositional hearing within twenty-eight days pursuant to Civ.R. 75(K).

{¶27} Civ.R. 75 addresses hearings pertaining to "divorce, annulment, or legal separation actions," not temporary orders. Further, Civ.R. 75(K) specifically provides as follows:

> (K) Hearing. No action for divorce, annulment, or legal separation may be heard and decided until the expiration of forty-two days after the service of process or twenty-eight days after the last publication of notice of the complaint, and no action for divorce, annulment, or legal separation shall be heard and decided earlier than twenty-eight days after the service of a counterclaim, which under this rule may be designated a cross-complaint, unless the plaintiff files a written waiver of the twenty-eight day period.

Thus, not only is Civ.R. 75 inapplicable to actions involving the reallocation of parental rights and responsibilities, Civ.R. 75(K) does not require hearings be held within twenty-eight days, but rather provides that a hearing may not be held prior to twenty-eight days "after the last publication of

notice of the complaint," or "earlier than twenty-eight days after the service of a counterclaim." Thus, Civ.R. 75 simply has no applicability here.

{¶28} Accordingly, having found no plain error with respect to the trial court's failure to hold a hearing pursuant to Civ.R. 75(K), we overrule Appellant's fourth assignment of error.

### ASSIGNMENT OF ERROR V

{¶29} Appellant's fifth assignment of error states that "[t]rial court unnecessary delay in due process." Appellant claims that the issue presented for review is as follows:

> Continuance granted for good cause without proper motion for request. Rule 53(d) magistrate failed to record all proceedings, Rule 56(e) states party may not rest on mere allegations and denials, and must set forth a genuine fact to show cause issue for trial.

Appellant's "argument" portion under this assignment of error states as follows, in its entirety:

> Unnecessary Delay of Process, Ohio Rule 32, continuances granted without providing a motion for continuance request to magistrate granted for good cause shown. Continuance 1/23/18, 1/29/18, 2/22/18. In addition to specific time requirements not meant by a practice of law.

We construe her assignment of error to assert that the trial court should have addressed Appellee's change in custody motion in a more expedited manner.

{¶30} Generally, a decision granting or denying a continuance is reviewed under an abuse of discretion standard of review. *Rice v. Lewis*, 4th Dist. Scioto No. 09CA3307, 2010-Ohio-1077, ¶ 37. However, as discussed above, we review this case under a plain error standard of review. Here, Appellant fails to assert why the failure to grant these continuances would have changed the outcome of the court's decision. We simply cannot find plain error occurred as a result of the trial court's decision to continue this matter on several occasions. Accordingly, having found no plain error in the trial court's handling of this case, we overrule Appellant's fifth assignment of error.

ASSIGNMENT OF ERROR VI

{¶31} In her sixth assignment of error, Appellant asserts that the GAL's report should have been stricken. She claims the issue presented for review is as follows: "Guardian Ad Litem testified representing the medical professional determination of findings. Report is unsubstantiated." Appellant's "argument" portion under this assignment of error states as follows, in its entirety:

> Juv Rule 29. Guardian Ad Litem is to maintain impartiality.
> Testimony as expert medical professional concluding not sexual

abuse occurred should be stricken. As Guardian Ad Litem is not a medical professional with experience to conduct a formal investigation of protocol medical procedures and mandated reporter requirements pursuant to R.C. 2151.421.

Guardian Ad Litem Summary was not concluded based off of her own observation of factual evident. Summary report only sole reference is based on conversation with Appellee and Guardian Ad Litem as fact of findings.

Guardian Ad Litem final recommendations did not include findings of any investigation or provide reasons of a determination that concluded to recommendation. The report provided is unsubstantiated and only based on an opinion, defamation of private report is made public and should be sealed.

Thus, Appellant appears to assert that the GAL's report was unsubstantiated and biased, and that the GAL improperly testified as a medical expert in concluding that H.M. was not sexually abused.

{¶32} "The explicit role of the guardian ad litem is to investigate the children's best interests as an impartial outsider to the proceedings and assist the trial court in determining whether a dispositional order is in their best interests." *In re A.K.*, 9th Dist. Summit No. 26291, 2012-Ohio-4430, ¶ 28, citing Sup.R. 48(A), (B)(1), and (D). We generally "review the trial court's determination of whether to strike a guardian ad litem's testimony and report under an abuse-of-discretion standard. *Nolan v. Nolan*, 4th Dist. Scioto No. 11CA3444, 2012-Ohio-3736, ¶ 23. However, applying a plain error standard of review, we find no merit to this assignment of error.

{¶33} The GAL's report was based on her investigation of H.M. and the allegations contained in Appellee's motions and Appellant has provided no evidence that the GAL was biased in her investigation and reporting. Although the GAL did not testify at the custody hearing, her report does state that she reached her conclusions and recommendations after reviewing the medical records and speaking with one of H.M.'s treating physicians and one of her nurses. Based upon those records and conversations, the GAL stated there did not appear to be evidence of abuse or evidence that H.M. actually ever had a sexually transmitted disease. Thus, the GAL did not simply base her recommendations on information provided by Appellee. In conducting her investigation and issuing her recommendations and report, the GAL was not acting as a medical professional, but rather was properly acting within the scope of her role as described in Sup.R. 48. Therefore, Appellant has not demonstrated plain error related to the trial court's acceptance or consideration of the GAL's report. Accordingly, her sixth assignment of error is overruled.

ASSIGNMENT OF ERROR VII

{¶34} In her seventh assignment of error, Appellant appears to allege that the domestic court lacked jurisdiction to hear Appellee's change of custody motion because it was required to transfer the case to the Juvenile

Court pursuant to R.C. 3109.06. Appellant claims the following issue presented for review: "Pursuant to R.C. 2151.23 no jurisdiction, 3109.06 temporary order only to transfer to juvenile court for jurisdiction proceedings., S. Ct. Prac. Rule 11.06 on reopening an application within 90 days of dissolution." Appellant's "argument" portion under this assignment of error states as follows, in its entirety:

> violation of due process of law, practice of law. No jurisdiction of subject matter to grant emergency custody, modify shared parenting decree, investigate sexual abuse allegations, unnecessary S. Ct. Prac. Rule 11.06 for reopening of a file application.

{¶35} R.C. 3109.06 provides, in pertinent part and subject to an exception not applicable here, as follows:

> [A]ny court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities * * * may, on its own motion or on motion of any interested party, certify the record * * * to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.

{¶36} Appellee filed his motion to change custody in the domestic court, which as addressed in detail above, had jurisdiction to hear this matter. Further, nothing in the record indicates that the domestic court or either party filed a motion to certify the case to juvenile court. Thus, the domestic court had jurisdiction to resolve Appellee's motion. Accordingly,

having found no error with this case being resolved in domestic court, we overrule Appellant's seventh assignment of error.

## CONCLUSION

{¶37} Having found no plain error in any of the assignments of error raised by Appellant, they are all without merit and are overruled. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**