[Cite as *State v. McFarland*, 2023-Ohio-3499.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 22CA13 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JESSIE J. McFARLAND, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 09/21/2023** |

APPEARANCES:

Brian A. Smith, Fairlawn, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Cynthia G. Schumaker, Assistant Ross County Prosecutor, Chillicothe, Ohio, for appellee.

Wilkin, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment of conviction in which appellant, Jessie J. McFarland, pleaded guilty to 35 counts of pandering sexually oriented material involving a minor. Each count is a felony in the fourth degree. The trial court imposed a prison term of 12 months for each count and ordered counts 1 through 20 to be served consecutively to each other, but concurrently to the remaining 15 counts. Thus, McFarland's aggregate prison term is 20 years.

{¶2} In his sole assignment of error, McFarland challenges his sentence as being not authorized by law. McFarland argues the trial court failed to make any findings to support the imposition of consecutive sentences. McFarland is correct in that the trial court did not make any findings at the sentencing hearing

nor did it incorporate any findings in the sentencing entry in support of imposing consecutive prison terms. But under the circumstances of this case, the trial court was not required to make any findings before ordering the prison terms to be served consecutively. This is because McFarland's aggregate prison term of 20 years was a jointly recommended sentence. Therefore, we affirm McFarland's sentence and judgment of conviction entry.

## FACTS AND PROCEDURAL BACKGROUND

{¶3} McFarland was indicted in May 2021 of committing 35 counts of pandering sexually oriented material involving a minor. All counts were felonies in the fourth degree and alleged that McFarland "knowingly solicit, receive, purchase, exchange, possess, or control material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]" McFarland initially pleaded not guilty to the offenses.

{¶4} But in January 2022, McFarland and the state reached a plea agreement. The plea form consisted of two pages with the first page noting that McFarland has 35 charges of pandering sexually oriented material involving a minor and that each offense is a felony in the fourth degree. The form provided the prison term range for each offense of 6 months to 18 months. With 35 counts, the maximum prison term is 630 months, 52.5 years, which was stated on the plea form. The second page included the state's promise to recommend a prison sentence of 20 years in exchange for McFarland's guilty plea to the offenses.

{¶5} A plea hearing was held on January 20, 2022.  At the hearing, McFarland's counsel was present and McFarland participated via video in which the trial court was assured by McFarland he could see and hear the proceedings. McFarland's attorney informed the trial court of the terms of the plea agreement: "It would be a joint recommendation of a 20 year sentence * * *.  It would have to be a 240 month sentence, but that would be a jointly recommended sentence." The prosecution agreed with McFarland's counsel's recitation of the plea agreement.  The court then inquired of McFarland if he agreed with the terms of the plea agreement to which McFarland indicated he did:

> The Court: Your attorney read into the record the terms of your plea agreement with the state.  Did you hear what Mr. Carter said?
> Mr. McFarland: Yes, I did.
> The Court: Is that the same information you discussed with your attorney before today's hearing?
> Mr. McFarland: Yes, it is.
> The Court: Is anything different or missing?
> Mr. McFarland: No.
> The Court: I also have before me a two page written plea of guilty form that is signed on your behalf by your attorney.  Did you have an opportunity to review that plea form with your attorney?
> Mr. McFarland: Yes, sir.
> The Court: Did your attorney answer any questions you had about that plea form?
> Mr. McFarland: Yep.
> The Court: Do you believe you understood what that plea form said?
> Mr. McFarland: Completely.
> The Court: And did you authorize your attorney to sign it on your behalf?
> Mr. McFarland: Yes, I did.

{¶6} McFarland additionally stated that he understood the trial court could reject the agreed sentence and impose a different sanction.  And when questioned by the trial court on whether McFarland was satisfied with his

counsel's representation, McFarland responded: "I don't see this going any other way.  Taking the 20 years is the best I can do."[1]

**{¶7}** The trial court explained to McFarland that each count being a fourth-degree felony, carried a possible prison term of 6 months to 18 months. McFarland responded that he understood.  McFarland was further advised of the constitutional rights he waives by pleading guilty to which he informed the trial court that he understood and wished to proceed with his plea of guilty to the offenses.  The trial court accepted McFarland's guilty plea and scheduled the matter for disposition.

**{¶8}** At sentencing, McFarland and his counsel were present.  The prosecution addressed the trial court informing it that McFarland has a previous second-degree felony conviction from 2015, and that "[p]ursuant to the plea agreement the state makes the recommendation of an aggregate 20 years in prison as sentence for these 35 counts."  The state requested "the court to honor the negotiation between the parties in this case and sentence the defendant to an aggregate 20 year prison sentence."  McFarland's counsel then addressed the trial court:

> First and for most purposes of record we would waive the Bonnell findings and would stipulate that this is an agreed sentence that by it's (sic.) nature and structure and will require consecutive sentence to be imposed.  Your Honor, this was negotiated for a plea. We would ask the court to adopt the terms containing in the plea agreement and fashion whatever matter it deems necessary for the 20 year sentence.  We do agree with the jail time credit.  We just ask the court to go along with negotiations.

---

[1] At the sentencing hearing, the prosecution informed the trial court that McFarland's "possession of the materials which he is charged with is just heinous and I will note that the state did charge selected 35 specific images in this case.  However, there were hundreds."

{¶9} McFarland elected not to address the trial court.  After considering the purposes and principles of felony sentencing and the serious and recidivism factors, the trial court found McFarland not amenable to community control and that prison was an appropriate sanction.  The trial court then imposed a prison term consistent with the jointly recommended sentence:

> Therefore, for each of the counts one through 35 for the offenses of sexu - - pandering sexually oriented material involving a minor, the court sentences the defendant to 12 months on each count. Counts one through 20, shall run consecutive to one another. Counts 21 through 35 shall run concurrent to each other and concurrent to the remaining counts one through 20.  And that will give you the net sentence, unless my math is wrong, pretty simple math counsel, that will give the net agreed upon sentence of 20 years in prison.

{¶10} The trial court advised McFarland of postrelease control and his duty to register as a Tier II sex offender.  McFarland's judgment of conviction entry is now before us for review.[2]

ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW, WHERE THE TRIAL COURT FAILED TO MAKE THE REQUIRED FINDINGS, UNDER R.C. 2929.14(C)(4), TO IMPOSE CONSECUTIVE SENTENCES, EITHER AT APPELLANT'S SENTENCING HEARING OR IN ITS SENTENCING ENTRY.

{¶11} McFarland argues his sentence was contrary to law because the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences.  The trial court failed to make the findings at either the sentencing hearing or incorporate any of the findings in the sentencing entry.  The omission, according to McFarland, renders the sentence

---

[2] McFarland filed a motion for leave to file a delayed appeal which we granted.

contrary to law and subject to this court's review on appeal despite it being an agreed sentence. McFarland maintains that his sentence is not authorized by law and per R.C. 2953.08(D)(1), we have jurisdiction to review the jointly recommended sentence. Thus, he asserts that "the requirements to impose consecutive sentences under R.C. 2929.14(C)(4) still apply, even where a sentence is agreed upon or jointly recommend[ed]." And here, the record is clear that the trial court failed to make the required consecutive prison term findings and McFarland's sentence should be vacated.

{¶12} The state opposes McFarland's arguments by citing to the Supreme Court of Ohio's decision in *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2969, 69 N.E.3d 627, and asserts that the trial court was not required to make any findings before ordering the first 20 counts to be served consecutively because it was a jointly recommended sentence. Moreover, the state maintains that McFarland's counsel invited any claimed error by waiving the requirement to make any findings to support the imposition of consecutive sentences at the disposition hearing. The state requests that we affirm McFarland's sentence.

Law and Analysis

{¶13} We must review McFarland's sentence pursuant to the dictates of R.C. 2953.08(G). *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. McFarland indirectly argues that his sentence is contrary to law and is reviewable under R.C. 2953.08(A)(4). But the provision's own language contradicts McFarland's argument. R.C. 2953.08(A)(4) provides that:

> In addition to any other right to appeal and **except as provided in division (D) of this section**, a defendant who is

convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: * * * (4) The sentence is contrary to law. (Emphasis added).

R.C. 2953.08(D)(1) states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶14} The policy behind R.C. 2953.08(D)(1) was previously outlined by the

Supreme Court:

The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.

*State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

{¶15} The state and McFarland agree that a sentencing judge imposed the sentence and that it was a jointly recommended sentence. The parties disagree, however, as to whether the sentence is authorized by law due to the trial court's failure to make any findings to support the imposition of consecutive sentences. Therefore, the question before us is whether McFarland's sentence is authorized by law, and if it is, then it is not subject to review pursuant to R.C. 2953.08(D)(1).

{¶16} Generally, a trial court is required to make certain findings pursuant to R.C. 2929.14(C)(4) before ordering a defendant to serve multiple prison terms consecutively:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶17}** The trial court is required to make the consecutive-sentence findings at the disposition hearing and incorporate the findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23.  But in 2016, the Supreme Court of Ohio addressed the certified conflict question: " 'In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.14(C) in order for the sentence to be authorized by law and this not appealable?' "  *Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 1.  The Supreme Court answered the question in the negative and held that:

in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is

nevertheless "authorized by law" and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

*Id.* at ¶ 43.

**{¶18}** In *State v. Billiter*, we held "[b]ecause Billiter's sentence was an agreed sentence that included nonmandatory consecutive sentences, it is "authorized by law" and is not appealable, even if the trial court failed to make the consecutive-sentence findings."  2018-Ohio-733, 106 N.E.3d 785, ¶ 36 (4th Dist.).  The Eighth District Court of Appeals has similarly held that in the context of a jointly recommended sentence, "[t]he alleged failure of the trial court to make the consecutive-sentence findings under R.C. 2929.14(C)(4) is not subject to review on appeal pursuant to R.C. 2953.08(D)(1)."  *State v. Curry*, 8th Dist. Cuyahoga No. 111948, 2023-Ohio-1571, ¶ 17.

**{¶19}** In *State v. Coffee*, the Second District Court of Appeals affirmed Coffee's sentence concluding that "the trial court did not make any consecutive-sentence findings and was not required to do so since the parties had jointly recommended the sentences."  2d Dist. Clark Nos. 2022-CA-54, 2022-CA-55, 2023-Ohio-474, ¶ 14.  *See also State v. Newman*, 3d Dist. Hardin No. 6-22-04, 2022-Ohio-3607, ¶ 16 ("As we have found that Newman's sentence was imposed pursuant to a joint recommendation, we need not discuss the need for the trial court to make consecutive-sentence findings.  Consequently, Newman's sentence is authorized by law.")

**{¶20}** In the case at bar, the record is clear that McFarland's sentence was a jointly recommended sentence and it involved the imposition of nonmandatory consecutive sentences.  McFarland pleaded guilty to 35 counts of

pandering sexually oriented material involving a minor.  All offenses were fourth-degree felonies, thus, the maximum prison term was 18 months for each offense.  *See* R.C. 2929.14(A)(4).  In the plea agreement form, the state's promise was to recommend an aggregate prison term of 20 years.  That sentence agreement was relayed to the trial court at the plea hearing by McFarland's counsel: "a joint recommendation of a 20 year sentence[.]"  McFarland also informed the trial court he understood the terms of the agreement and that "[t]aking the 20 years is the best I can do."[3]  Moreover, at the sentencing hearing, the state fulfilled its promise and recommended a sentence of 20 years and requested that the trial court honor the agreement.  McFarland's counsel advocated the same:

> First and for most purposes of record we would waive the Bonnell findings and would stipulate that this is an agreed sentence that by it's (sic.) nature and structure and will require consecutive sentence to be imposed. Your Honor, this was negotiated for a plea. We would ask the court to adopt the terms containing in the plea agreement and fashion whatever matter it deems necessary for the 20 year sentence. We do agree with the jail time credit.  We just ask the court to go along with negotiations.

{¶21} The trial court imposed the jointly recommended sentence by sentencing McFarland to 12 months in prison for each count and ordering the first 20 counts to be served consecutively to each other, but concurrently to the remaining 15 counts, which were also ordered to be served concurrently to each other.

{¶22} As McFarland's sentence is a jointly recommended sentence, his argument that his sentence is not authorized by law because the trial court failed to make the required consecutive sentence findings is unavailing.  The Supreme

---

[3] McFarland faced a maximum prison term of 52.5 years.

Court's decision in *Sergent* is clear: because McFarland's nonmandatory consecutive sentence was jointly recommended, it is authorized by law.  *See Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 43.  Therefore, pursuant to R.C. 2953.08(D)(1), McFarland's sentence is not subject to review since it is authorized by law, was jointly recommended, and imposed by the sentencing judge.

{¶23} Accordingly, we overrule McFarland's assignment of error.

CONCLUSION

{¶24} Having overruled McFarland's assignment of error, we affirm the trial court's judgment entry of conviction.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**