[Cite as *State v. Knauff*, 2025-Ohio-3046.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 23CA29 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| JOSHUA KNAUFF, | : | |
| | : | **RELEASED: 08/21/2025** |
| Defendant-Appellant. | : | |

APPEARANCES:

Brian A. Smith, Brian A. Smith Law Firm, LLC, Fairlawn, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, Chillicothe, Ohio for appellee.

Wilkin, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment entry that sentenced Joshua Knauff ("Knauff") to an aggregate, 15-year prison sentence for pleading guilty to three counts of kidnapping, which were first-degree felonies and three counts of felonious assault, which were second-degree felonies.

{¶2} In his sole assignment of error, Knauff asserts that a portion of his sentence is contrary to law because the court failed to advise him of his eligibility for earned days of credit pursuant to R.C. 2967.193. Knauff prays for this court to modify his sentence to indicate that he is eligible for days of credit under R.C. 2967.193, or remand this matter for the trial court to make that modification.

Because we find that Knauff's sentence is not contrary to law, we overrule his assignment of error and affirm his sentence.

## BACKGROUND

{¶3} On January 27, 2023, the State charged Knauff with eight counts of kidnapping, which were first-degree felonies; three counts of rape, which were first-degree felonies; four counts of felonious assault, which were second-degree felonies; and one count of abduction, which was a third-degree felony.

{¶4} During an October 23, 2023 hearing, Knauff pleaded guilty to three counts of kidnapping and three counts of felonious assault. The State dropped the remaining charges. Immediately after Knauff's guilty plea, the court sentenced him to eight years in prison for each of the three kidnapping counts, and seven years in prison for each of the three assault counts. The court ordered the prison terms for the kidnapping to run concurrently, and the prison terms for assault to run concurrently. However, the court ordered the prison terms for kidnapping and the prison terms for felonious assault to be served consecutively, for an aggregate prison term of 15 years, which was an agreed sentence. Knauff appeals his sentence.

## ASSIGNMENT OF ERROR

THE PORTION OF THE TRIAL COURT'S SENTENCE, FAILING TO ADVISE APPELLANT OF HIS ELIGIBILITY FOR EARNED DAYS OF CREDIT ON HIS SENTENCE, PURSUANT R.C. 2967.193, WAS CONTRARY TO LAW.

{¶5} Knauff maintains that his sentence should be modified because it is contrary to law. Knauff claims that he should be eligible to receive earned days of credit (aka good-time credit) under R.C. 2967.193. He argues that the "plea

form" that he signed stated that the prison term imposed "will be served without good time credit." He claims that at his sentencing the trial court was required to inform him on the record that he was eligible for earned days of credit pursuant to R.C. 2967.193, but it failed to do so.

{¶6} Knauff acknowledges that his guilty plea involved an agreed sentence, which typically cannot be appealed. However, Knauff asserts that even agreed sentences are appealable, if they are contrary to law. Knauff claims that his "plea form" erroneously stated that his prison sentence would not be eligible for earned credit under R.C. 2967.193. Because of this error, he claims that the court was required to advise him of his eligibility for earned credit but failed to do so. Because of these errors, Knauff claims that portion of his sentence is contrary to law making it subject to appeal even though it was an agreed upon sentence. Therefore, Knauff maintains that portion of his sentence should be modified to indicate that he is eligible for good-time credit pursuant to R.C. 2967.193.

{¶7} In response, the State maintains that the trial court did not err in sentencing Knauff. The State claims that because the sentence was agreed to by the parties, it is not subject to appeal pursuant to R.C. 2953.08(D)(1). Further, the State asserts that it is the Department of Rehabilitation and Corrections that determines a prisoner's eligibility for, and applies earned credit, not the court. Finally, the State claims that the law does not require the court to inform a defendant regarding their eligibility for earned credit. Therefore, the State urges this court to reject Knauff's argument and affirm Knauff's sentence.

## Law

## Standard of Review

{¶8} "R.C. 2953.08(A)(4) provides that: 'In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: * * * (4) The sentence is contrary to law.' " *State v. McFarland*, 2023-Ohio-3499, ¶ 13 (4th Dist.). However, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *Id*. Consequently, if an imposed, agreed sentence is 'contrary to law[,]' [it] is appealable by a defendant[.]" *State v. Underwood*, 2010-Ohio-1, ¶ 16.

{¶9} The Supreme Court has recognized that " 'contrary to law' [means] 'in violation of statute or legal regulations at a given time[.]' " *State v. Jones*, 2020-Ohio-6729*, ¶ 34*, quoting *Black's Law Dictionary* 328 (6th Ed.1990). Therefore, " 'a sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a sentence within the statutory range.' " *State v. Ogden*, 2025-Ohio-1168, ¶ 12 (4th Dist.), quoting *State v. Allen*, 2021-Ohio-648, ¶ 14 (4th Dist.).

Earned Credit

**{¶10}** "R.C. 2967.193 provides opportunities for inmates to earn credit towards the satisfaction of his or her prison term 'for participation in certain programs.' " *State v. Eitzman*, 2022-Ohio-574, ¶ 28-33 (3rd Dist.), quoting R.C. 2967.193.

> Under R.C. 2967.193, the department of rehabilitation and correction is charged with determining the amount of credit earned and awarding that credit to the prisoner. Likewise, the statute authorizes the department to deny the prisoner the right to earn credit or withdraw credits previously earned if it determines the prisoner has violated prison rules.

*Id.,* citing *State v. Livingston*, 2014-Ohio-1637, ¶ 7 (1st Dist.). However, "there is nothing in R.C. 2967.193 or elsewhere in the law that authorizes a court to limit an offender's ability to earn days of credit." *Livingston.* at ¶ 9.

**{¶11}** R.C. 2967.193(A)(2) and R.C. 2967.193(A)(3) set forth earned-credit opportunities for inmates by participating in various prison programs. *See Eitzman*, ¶ 36, citing former R.C. 2967.193(A)(1) and (2), now R.C. 2967.193(A)(2) and (3).

**{¶12}** An inmate is ineligible to earn credit under R.C. 2967.193(A)(3) if he or she "is serving a . . a prison term for an offense of violence . . ." Knauff has pleaded guilty to felonious assault and kidnapping, which are both offenses of violence under R.C. 2901.02(A)(9)(a). Therefore, Knauff was ineligible to earn credit under R.C. 2967.193(A)(3).

**{¶13}** However, R.C. 2967.193(A)(2) does not contain the same eligibility limitations. The wording of R.C. 2967.193(A)(2) does not disqualify persons who

are serving a sentence for an offense of violence from seeking earned credit opportunities contained therein.  Instead, subject to certain exceptions, "a person confined in a state correctional institution . . . may provisionally earn . . . credit . . . toward satisfaction of the person's stated prison term" if that person "productively participates" in various programs "developed by the department of rehabilitation and correction[.]"  R.C. 2967.193(A)(2).

{¶14} The Third District Court of Appeals has held that if a trial court issues a sentencing entry that incorrectly states that the appellant is not eligible for earned credit under R.C. 2967.193 that portion of the sentence is clearly and convincingly contrary to law.  *Eitzman*, 2022-Ohio-574, ¶ 39-40 (3rd Dist.).  Therefore, the court vacated that portion of appellant's sentence and remanded the matter to the trial court for the limited purpose of correcting the judgment entry.  *Id*. at ¶ 40.

Analysis

{¶15} In the instant case, Knauff signed a "plea form" that contained language that indicated "any prison term stated will be the term served without good time credit."  Arguably, this language informed Knauff that any prison term stated in the plea form does not include any good-time credit that he might earn.  In other words, it does not state that he is ineligible to earn credit under R.C. 2967.193 as he claims.

{¶16} Even assuming that this language does state that Knauff is ineligible for good-time credit, we find it does not render his sentence contrary to law.  In *Eitzman*, the court found that the trial court's sentencing entry contained

language that incorrectly stated that the appellant was ineligible for earned credit under R.C. 2967.193.  The court reasoned that this language placed an improper limitation on the appellant's sentence making that portion of his sentence contrary to law.

{¶17} In Knauff's case, the language appeared in his plea form, not in his *sentencing entry*.  "[T]he axiomatic rule is that a court speaks through its journal entries." *State v. Miller*, 2010-Ohio-5705, ¶ 12.  Therefore, unlike *Eitzman*, the language placed no limitation on his sentence regarding earned credit under R.C. 2967.193.  Rather, whether Knauff may earn credit pursuant to R.C. 2967.193 is the responsibility of the Department of Rehabilitation and Corrections as required by law, not the court.

{¶18} Therefore, we find that the trial court's sentencing entry herein was not contrary to law because it never purported to limit Knauff's eligibility for good-time credit.

### CONCLUSION

{¶19} Accordingly, we overrule Knauff's sole assignment if error and affirm the trial court's sentencing entry.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and the appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
         Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**