[Cite as *State v. Storms*, 2025-Ohio-4721.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 24CA7 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| CHARLES STORMS, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Christopher Pagan, Repper-Pagan Law, Ltd., Middletown, Ohio, for appellant.

Randy H. Dupree, Jackson County Prosecuting Attorney, and Isaac Beller, Gallia County Assistant Prosecuting Attorney/Of Counsel, Gallipolis, Ohio, for appellee.

_____

Smith, P.J.

{¶1} Appellant, Charles Storms, appeals the judgment of the Jackson County Court of Common Pleas convicting him of one second-degree felony count of sexual battery and two third-degree felony counts of gross sexual imposition. On appeal, appellant contends that the Tier III sex offender community notice sanction he received was contrary to law. However, because we have concluded that the community notice sanction imposed by the trial court as part of appellant's sentence was authorized by law, and because appellant received an agreed sentence imposed as part of a plea agreement, the argument raised by appellant is not

reviewable on appeal. Accordingly, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

## FACTS

{¶2} On July 24, 2023, appellant was indicted for the following sex offense crimes involving a child:

Count One:       Rape in violation of R.C. 2907.02(A)(1)(b) and (B), a first-degree felony;

Count Two:       Sexual Battery in violation of R.C. 2907.03(A)(5) and (B), a second-degree felony;

Count Three:     Gross Sexual Imposition in violation of R.C. 2907.05(A)(4) and (C)(2), a third-degree felony; and

Count Four:      Gross Sexual Imposition in violation of R.C. 2907.05(B) and (C)(2), a third-degree felony;

The child victim referenced in the indictment was appellant's minor stepdaughter and the crimes were alleged to have occurred between July 30, 2020 and August 28, 2022.

{¶3} Although appellant initially pled not guilty to the charges, he later entered into plea negotiations with the State which resulted in a signed plea agreement dated May 30, 2024. The plea agreement stated he would plead guilty to counts two, three, and four of the indictment and be required to register as a Tier III sex offender in exchange for the dismissal of count one of the indictment. The plea agreement also included recommended sentences and provided that appellant

would be sentenced to a minimum prison term of 8 years and a maximum of 12 years on count two, a 5-year prison term on count three, and a 5-year prison term on count four, with appellant stipulating that consecutive sentences were both authorized and appropriate.  The plea agreement further required that  appellant register as a Tier III sex offender.

{¶4} The matter proceeded to a combined change of plea and sentencing hearing the same day.  During the plea colloquy, the trial court informed appellant that if he entered the pleas as agreed, which involved "sexually oriented child victim oriented offenses," he would be classified as either a "Tier I, II, or III sex offender[,]" and that depending on his classification, he would "have certain registration and a continuing verification requirements [sic] of the rules based on [his] classification status."  The trial court further informed appellant as follows:

> Q:    You understand that once classified you will have registration and continuing verification requirements at intervals based upon your classification status?
>
> A:    Yes.
>
> Q:    You understand it's possible based upon your classification status, the Sheriff may be required to notify victims, neighbors, schools, churches and other institutions of your name, address and offense?
>
> A:    Yes.
>
> Q:    You understand that . . . uh . . . by virtue of being convicted of a sexual oriented offense you may not reside within one thousand (1000) feet of the premises of any school?

A:      Yes.

Earlier during the hearing, however, the trial court confirmed its understanding that the plea agreement provided "there would be a Tier III sex offense registration which would include a lifetime registration."

{¶5} Once the trial court accepted appellant's guilty pleas, the hearing shifted to the sentencing phase, which included a "registration hearing." The trial court accepted the joint sentencing recommendation and imposed an agreed sentence consisting in part to an aggregate minimum prison term of 18 years and a maximum prison term of 22 years. The trial court thereafter provided appellant with a form entitled "Explanation of Duties to Register as a Sex Offender or Child Victim Offender," as required by Ohio's Sex Offender Registration and Notification laws (hereinafter "SORN" laws). The trial court read the contents of the form aloud in open court and appellant signed the form, indicating the trial court had read it to him and that he understood the terms. The form contains an option to check a box to indicate if a Tier III sex offender is "Not Subject to Community Notification pursuant to ORC 2950.11(F)(2)." However, the box was not checked on the form signed by appellant.

{¶6} A Uniform Sentencing Entry was filed by the trial court on May 30, 2024, which included language stating appellant would be subject to community notice as a result of being classified as a Tier III sex offender. Appellant filed a pro

se Motion for Leave to File a Delayed Appeal on August 5, 2024, claiming that he was unable to appeal timely because of the "holladays" and "mail runs" and "not having money to send it and envelopes from the holladays." The State filed a memorandum in opposition to appellant's request to file a delayed appeal, arguing that the holidays of Memorial Day and July 4th did not justify appellant filing a notice of appeal 68 days after the final judgment was issued and 30 days after the filing deadline. Over the objection of the State, this Court allowed the appeal to go forward. Thereafter, counsel was appointed and appellant's brief is now before us, setting forth a single assignment of error for our review.

### ASSIGNMENT OF ERROR

I.     THE TIER III COMMUNITY-NOTICE SANCTION WAS CONTRARY TO LAW.

### ASSIGNMENT OF ERROR I

{¶7} In his sole assignment of error, appellant contends that the Tier III sex offender community notice sanction imposed by the trial court was contrary to law. Appellant argues that although the sentencing entry stated that he would be subject to community notice, he was only informed during the plea hearing that community notice was "possible," and the trial court did not inform him he would be subject to community notice during the sentencing hearing. Appellant also argues that he informed the trial court that he was illiterate during the plea hearing and therefore the trial court was obligated to read the required SORN form aloud to

him during the sentencing hearing.  Appellant claims the trial court failed to do this.  Finally, appellant argues that the trial court's failure to properly notify him during the sentencing hearing that he would be subject to community notice renders the sentence contrary to law and subject to this Court's review on appeal, despite it being an agreed sentence.

{¶8} The State responds by arguing that there is no evidence in the record that appellant was illiterate and that even if there was, the trial court actually did read the required SORN form aloud to him during the sentencing hearing.  The State contends that the trial court complied with R.C. 2929.19(B) and R.C. 2950.03(A)(2) in ordering that appellant be subject to community notice as a Tier III sex offender because it used the proper form during the sentencing hearing, while appellant was able to read along and ask any questions he may have had. The State also contends that because the trial court complied with the law in imposing the community notice sanction, appellant's sentence was authorized by law and therefore not contrary to law.  Thus, it is the State's position that because the sentence imposed upon appellant was not only authorized by law, but was an agreed sentence, it is not reviewable on appeal.

Standard of Review

{¶9} We review felony sentences under of R.C. 2953.08(G). *See State v. Marcum*, 2016-Ohio-1002, ¶ 16. R.C. 2953.08 governs appeals based upon felony sentencing guidelines and provides in section (G), in pertinent part, as follows:

> (A) In addition to any other right to appeal and *except as provided in division (D) of this section*, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
>
> * * *
>
> (4) The sentence is contrary to law.

(Emphasis added).

R.C. 2953.08(D)(1), in turn, states as follows:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶10} In *State v. McFarland*, 2023-Ohio-3499, this Court observed as follows:

> The policy behind R.C. 2953.08(D)(1) was previously outlined by the Supreme Court:
>
> The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.

*McFarland* at ¶ 14, quoting *State v. Porterfield*, 2005-Ohio-3095, ¶ 25.

Legal Analysis

{¶11} We initially note that appellant at times suggests in his brief that the trial court failed to inform him of the maximum penalty when accepting his guilty plea because it informed him that the imposition of a community notice sanction was only a "possibility" rather than being presumptively required under R.C. 2950.11 for Tier III sex offenders. However, he has not sought to withdraw his guilty pleas on the basis that they were unknowingly or unintelligently entered. Further, his stated assignment of error appears to be limited to alleged deficiencies in the advisements provided by the trial court during the sentencing hearing. Because appellant's arguments on appeal fall short of challenging the validity of his guilty pleas, we limit our analysis to the alleged sentencing errors by the trial court and do not consider whether there were any errors related to appellant entering his guilty pleas or the trial court accepting them.

{¶12} Appellant's sentencing arguments are related to the trial court's notification duties when sentencing an offender that has been determined to be a Tier III sex offender under R.C. 2950, which governs "Sex Offenders." This Court has explained as follows regarding Ohio's sex offender classification system:

> R.C. Chapter 2950 "Sex Offenders" sets forth the classification of sex offenders into Tiers I, II, and III, dependent upon the type of offense committed, age of victim, and other factors to be taken into consideration when sentencing an individual convicted of a sex offense. The Ohio Supreme Court has held that the Adam Walsh Act version of R.C. Chapter 2950 is punitive, not

remedial.  Thus, the registration and other requirements imposed upon a sexual offender are a component of the offender's maximum penalty.  *See State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286; *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16.

*State v. Carpenter*, 2023-Ohio-2838, ¶ 15 (4th Dist.).

{¶13} R.C. 2950.01(G)(1)(a) and (b) provide that two of the offenses to which appellant pled guilty classify him as a Tier III sex offender.  R.C. 2919.19(B)(3)(a)(ii) provides that for offenders being sentenced for a sexually oriented offense that was committed after January 1, 1997, and if the offender is a Tier III sex offender/child victim offender in regard to that offense, "[t]he court shall include in the offender's sentence a statement that the offender is a tier III sex offender/child victim offender, and the court shall comply with the requirements of section 2950.03 of the Revised Code * * *."

{¶14} R.C. 2950.03 governs "Notice of duty to register and related requirements" with respect to sex offender classifications.  R.C. 2950.03(A) provides, in pertinent part, in section (2) as follows:

> (A) *Each person* who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code and each person who is adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense and who is classified a juvenile offender registrant based on that adjudication *shall be provided notice in accordance with this section of the offender's or delinquent child's duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the*

*Revised Code* and of the offender's duties to similarly register, provide notice of a change, and verify addresses in another state if the offender resides, is temporarily domiciled, attends a school or institution of higher education, or is employed in a state other than this state. The *following official shall provide the notice* required under this division to the specified person at the following time:

* * *

(2) Regardless of when the person committed the sexually oriented offense or child-victim oriented offense, if the person is an offender who is sentenced on or after January 1, 2008 for any offense, and if division (A)(1) of this section does not apply, *the judge shall provide the notice to the offender at the time of sentencing*.

(Emphasis added).

{¶15} The required notices in R.C. 2950.04, 2950.041, 2950.05, and 2950.06 address, respectively, the manner of registering (i.e., personally and immediately with the sheriff), registration duties of offenders for child victim-oriented offenses (i.e., immediately after sentencing and prior to being transferred to the custody of ODRC), notice of change of address of residence, school, and employment, and finally, verification of current address of residence, school, and place of employment. Further, the trial judge was the official required to provide the above notices to appellant and the notices were to be provided "at the time of sentencing."

{¶16} R.C. 2950.03 also provides in section (B)(1)(a) as follows:

(B)(1) The notice provided under division (A) of this section shall inform the offender * * * of the offender's * * * duty to register, to provide notice of a change in the offender's * * * residence address or in the offender's school, institution of higher education, or place of employment address, as applicable, and register the new address, to periodically verify the offender's * * * residence address or the offender's school, institution of higher education, or place of employment address, as applicable, and, if applicable, to provide notice of the offender's * * * intent to reside, pursuant to sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code. The notice shall specify that, for an offender, it applies regarding residence addresses or school, institution of higher education, and place of employment addresses * * *. Additionally, it shall inform the offender of the offender's duties to similarly register, provide notice of a change in, and verify those addresses in states other than this state as described in division (A) of this section. *A notice provided under division (A)(1), (2), (3), or (4) of this section shall comport with the following:*

(a) If the notice is provided to an offender under division (A)(1) or (2) of this section, *the official, official's designee, or judge shall require the offender to read and sign a form* stating that the offender's duties to register, to file a notice of intent to reside, if applicable, to register a new residence address or new school, institution of higher education, or place of employment address, and to periodically verify those addresses, and the offender's duties in other states as described in division (A) of this section have been explained to the offender. *If the offender is unable to read, the official, official's designee, or judge shall certify on the form that the official, designee, or judge specifically informed the offender of those duties and that the offender indicated an understanding of those duties.*

(Emphasis added).

The form referenced in R.C. 2950.03(B)(1)(a) is commonly understood to be the

SORN form which the trial court utilized during the sentencing hearing. Appellant

signed this form and it appears in the record.

{¶17} Further, R.C. 2950.03(B)(2)(a) addresses the requirement that the trial

court utilize the approved SORN form at the time of sentencing as follows:

> (2) The *notice provided under divisions (A)(1) to (4) of this section shall be on a form prescribed by the bureau of criminal identification and investigation* and shall contain all of the information specified in division (A) of this section and all of the information required by the bureau. The notice provided under divisions (A)(1) to (4) of this section shall include, but is not limited to, all of the following:
>
> (a) For any notice provided under divisions (A)(1) to (4) of this section, an explanation of the offender's periodic residence address or periodic school, institution of higher education, or place of employment address verification process or of the delinquent child's periodic residence address verification process, an explanation of the frequency with which the offender or delinquent child will be required to verify those addresses under that process, a statement that the offender or delinquent child must verify those addresses at the times specified under that process or face criminal prosecution or a delinquent child proceeding, and an explanation of the offender's duty to similarly register, verify, and reregister those addresses in another state if the offender resides in another state, attends a school or institution of higher education in another state, or is employed in another state.

(Emphasis added).

{¶18} Thus, a review of the above pertinent portions of R.C. 2950.03

demonstrates that the trial court must inform an offender at the time of sentencing

of the duties to register, must provide the offender with the approved SORN form, and must read the SORN form to offenders who are unable to read. The record before us reveals that the trial court complied with the requirements of R.C. 2950.03. Not only did it provide appellant with the SORN form and obtain appellant's signature on the form, the trial court also read the form aloud to appellant during the sentencing hearing. Therefore, even if appellant was illiterate as argued in his brief, the trial court satisfied the requirements of the statute.

{¶19} Moreover, nowhere in R.C. 2950.03 does it state that the trial court must notify an offender that a sanction of community notice will be imposed. Rather, community notice is governed by R.C. 2950.11 and it is a duty imposed upon the sheriff, not an offender. An offender's duty is to register. It is the sheriff's duty to provide community notice. *See* R.C. 2950.11(A). Although the trial court did not expressly state during the sentencing hearing that appellant would be subject to community notice, the fact that Tier III sex offenders are presumed to be subject to community notice is evident in both R.C. 2950.11(F)(1)(a), as well as the SORN form appellant had in his possession during the sentencing hearing, and which he signed. *See State v. Wright*, 2023-Ohio-2134, ¶ 22 (10th Dist.) ("The presumption is that notification applies" for a Tier III sex offender).

{¶20} More specifically, R.C. 2950.11(F)(1) provides as follows regarding the sheriff's duty to provide community notice:

> Except as provided in division (F)(2) of this section, the duties to provide the notices described in divisions (A) and (C) of this section apply regarding any offender or delinquent child who is in any of the following categories:
>
> (a) The offender is a tier III sex offender/child victim offender * * *.

The R.C. 2950.11(F)(2) exception allows an offender to request a hearing at which a trial court may find, after considering certain enumerated factors, that an offender should not be subject to community notice. However, appellant did not request such a hearing and thus, the R.C. 2950.11(F)(2) exception to the presumption of community notice for Tier III sex offenders did not apply and the R.C. 2950.11(F)(1)(a) presumption remained intact.

{¶21} In summary, appellant could have sought a hearing to request that the trial court determine he should not be subject to community notice. However, he did not request such a hearing and thus, the presumption that a community notice requirement remained in place. Further, there is a box the trial court could have checked on the SORN form if appellant would not be subject to community notice, however, the box was not checked. Thus, appellant was informed during the hearing that he would, in fact, be subject to community notice.

{¶22} Further, and importantly, the purpose of appellant's registration duties as a sex offender is for the sheriff to notify the community of the risk. The community notice requirement imposes no additional duty upon an appellant. Other courts, when faced with arguments that trial courts should have notified them they would be subject to community notice either at the plea phase or the sentencing hearing, have noted that an offender's duty is registration, while community notice is accurately characterized as the "outcome that stems from appellant's sexual offender classification reporting duties." *See State v. Johnson*, 2018-Ohio-5029, ¶ 17 (8th Dist.) (also stating "to the extent that appellant argues that he was not aware that the community would be notified by his registration duties, we find no merit to his argument" because "[c]ommunity notification is undeniably the global purpose of sex offender classification"). *See also State v. Wright, supra*, at ¶ 49, 52 (also observing the global purpose of sex offender registration is for community notice and explaining that "[a] community notification registrant has no affirmative duties under R.C. 2950.11, and there is no 'community notification requirements' to which [an offender] would be bound").

{¶23} In conclusion, because the trial court advised appellant of his registration duties in accordance with R.C. 2950.03 and read the SORN form aloud to appellant during sentencing hearing, and because appellant was provided with a copy of the form and signed it, community notice was properly imposed. *See State*

*v. Sipple*, 2021-Ohio-1319, ¶ 35-38 (1st Dist.). Therefore, appellant has failed to show that his sentence was not authorized by law. Moreover, because appellant's sentence was not only authorized by law, but was an agreed sentence, it is not subject to review under R.C. 2953.08(D)(1). *See State v. McFarland, supra*, at ¶ 22. Accordingly, we find no merit to appellant's sole assignment of error and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**